## HAGAR v. TOWNSEND et al.

### (Circuit Court, E. D. New York. April 4, 1895.)

PLEADING — MONEY HAD AND RECEIVED — NEW YORK CODE OF CIVIL PROCEDURE.

Plaintiff's complaint alleged that he let one E., a partner of one of the defendants, and since deceased, have certain bonds with which to raise $3,000; that E. and his partner, T., one of the defendants, afterwards increased the loan on the bonds to $4,000, and used the additional $1,000 in the firm business; that D., the other defendant, afterwards became a partner; that the bonds were sold for $1,460 more than the loan, and that this balance was received and used by the defendants. Upon these facts, plaintiff demanded judgment for the return of the bonds, or, on inability or failure, for payment of damages for their loss. *Held,* under the New York Code of Civil Procedure, that the allegations of the complaint were sufficient to support a recovery for money had and received to the amount of the plaintiff's remaining interest in the bonds, and that the demand of judgment for a return of the property would not control the right to damages, where there was no judgment for a return.

This was an action by James M. Hagar against James A. Townsend and Wallace Downey to recover the value of certain bonds. The jury gave a verdict for the plaintiff. Defendants moved for a new trial.

E. N. Taft and T. M. Taft, for plaintiff.

Peter S. Carter, for defendants.

WHEELER, District Judge. The defendant Townsend and one Edgett, now dead, were partners. The plaintiff let Edgett have some railroad bonds to raise $3,000 upon, which he did by pledging them on a firm note of that amount to a bank. Without the plaintiff's knowledge, a note of $4,000 was substituted. The defendant Downey became a member of the firm. The bonds were sold by the bank for more than the note, and the excess, $1,460.88, by direction of the firm, was placed to its credit. These latter two sums were credited to Edgett on a balance against him in his firm account. The complaint set forth the facts, with conclusion that the defendants had converted the bonds to their own use to the damage of the plaintiff, and demand of judgment for the return of the bonds, or, on inability or failure, for the payment of damages suffered from the loss of them. The evidence tended to show that Townsend knew the bonds were the plaintiff's before the note was enlarged, and that the additional $1,000 went to the use of the firm. The court refused to direct a verdict for the defendants requested because of the form of action; and, against exception, a verdict for the $1,460.88 excess was directed, and one for the $1,000 was found, under directions that the plaintiff was entitled to recover it if it went to the use of the firm. On this motion for a new trial the counsel for the defendants insists that a verdict for the defendants should have been directed; and that, if not, as damages were demanded only upon inability or failure to return, none but those for not returning them at the time of trial were recoverable. If one of these causes of action was intended

v.67 F.no.4—28

for a replevin, as argued, it was not used as such, and could ap-, parently be joined with the other without affecting it. Code N. Y. § 1689. The allegation of conversion is like that in trover, which perhaps could not be maintained because the plaintiff had not the right to immediate possession. As either of these could be joined with other causes of action (Id. § 484), the defendants would not be entitled to a verdict because not supported by proof, if what would constitute any other was alleged. The complaint well alleged, and the evidence showed, an interest remaining to the plaintiff in the bonds which the firms of which the defendants are the survivors converted into money, to the damage of the plaintiff. This is a good cause of action in assumpsit for money had and received, which always concludes in the same way, and the damages recoverable is the amount received. The demand of judgment for damages upon failure on a judgment return would not control the right to damages when there was no judgment of return. And a tort feasor may be held liable for the avails as a measure of damages. This is well shown in patent cases, where an infringer may always, as is elementary, be held liable for the profits, at least, as damages. So here the defendants would be liable, at least, for the avails received from the wrongful conversion of the plaintiff's interest in the bonds. Although Edgett was given apparent control of the bonds by the plaintiff, they were not left to stand upon that, but further control was assumed by the defendants, which, as the jury has found, resulted in the appropriation of $1,000 of these avails by the firm of which Townsend was a member, after notice to him, and of $1,460.88 by the firm of which both were members. The credit of the avails to Edgett on the balance of firm accounts against him would not deprive the defendants of their benefit, nor affect the plaintiff's right to them. On this review no reason for disturbing the verdict becomes apparent. Motion denied.